IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RORY GAUNT and JULIE GAUNT, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. 04 C 6144 |
| | ) |
| STEVEN SCHADA, KAREN SCHADA, | ) |
| and SCOTT SCHADA, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

About the only thing the parties agree on is that the defendants were going to sell a property, including beach rights, in New Buffalo, Michigan, to the plaintiffs; that the sale was temporarily sidetracked by a lawsuit there over beach rights; and that the sale ultimately did not go forward. Each side has filed a motion for summary judgment, and those motions will be fully briefed soon.

In the meantime, the seller defendants want to take the depositions of Alan and Ann Marie Gull. Plaintiffs move to quash the subpoenas. According to defendants, their relationship with their neighbors, the Gulls, has been a rocky one. They earlier sued the Gulls over access rights, and won. That case is on appeal. The Gulls' attorney, on behalf of Patricia R. Lauber, Charles R. Melendy and Colleen A. Melendy (Lauber/Melendy), brought the beach access litigation shortly before the Gaunt/Schada closing date. That case was tossed out, with sanctions. According to defendants, the Gulls are good friends of Lauber/Melendy, and, even though the Gulls were defendants in that lawsuit, they supported the Lauber/Melendy position. Defendants further assert that only they were served in the beach access litigation

– which cannot be so because the order imposing sanctions shows four defendant families were represented (the Schadas are not among them), and the fees awards went to two of those families. They attribute to those court orders other things that simply are not there.

About the time of the scheduled closing here, plaintiffs sought a reduction in the purchase price. Maybe, defendants assert, there is some relationship between the Gaunts and the Gulls, with the Gaunts being somehow involved in the Lauber/Melendy litigation so as to disrupt the closing. But none of that appears in any of the pleadings – none of that is even remotely hinted at in the Lauber/Melendy court orders, and none of it appears in the cross-motions for summary judgment. The linkage is a wholly unsubstantiated "maybe." The motion to quash is granted.

JAMES B. MORAN
Senior Judge, U. S. District Court

May 9, 2005.